http://www.va.gov/vetapp16/Files3/1626434.txt

Citation Nr: 1626434 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 07-13 054 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona

THE ISSUE

Whether the creation of an overpayment in the calculated amount of $75,663.99 in disability compensation benefits from December 27, 2001 to October 1, 2006, was proper. 

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

M. Taylor, Counsel

INTRODUCTION

The Veteran served on active duty from July 1978 to July 1982.

This matter comes before the Board of Veterans' Appeals (Board) from a decision issued in October 2006 by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas. 

In August 2010, the case was remanded for additional development. 

The appeal is REMANDED to the agency of original jurisdiction. VA will notify the Veteran if further action is required.

REMAND

The record reflects the creation of an overpayment in the calculated amount of $75,663.99 in disability compensation benefits for the period from December 27, 2001, to October 1, 2006, as a result of a determination that he was in fugitive felon status during that period, as well as incarceration in December 2004 due to a separate felony conviction in February 2004. The Board notes that the Veteran's 100 percent disability rating for schizophrenia has been in effect since 1987. 

Compensation is not payable on behalf of a Veteran for any period during which he or she is a "fugitive felon." 38 U.S.C.A. § 5313B(a) (West 2014); 38 C.F.R. § 3.665(n)(1) (2016). The term "fugitive felon" includes a person who is a fugitive by reason of: (i) fleeing to avoid prosecution, or custody or confinement after conviction, for an offense, or an attempt to commit an offense, which is a felony under the laws of the place from which the person flees; or (ii) violating a condition of probation or parole imposed for commission of a felony under Federal or State law. 38 C.F.R. § 3.665(n)(2). 

By way of history, in August 2005, the RO received notice from the VA office of Inspector General (OIG) that the Veteran was the subject of an outstanding warrant issued in November 1995. Court records associated with the file in May 2011 reflect that a Bench Warrant was issued in Maricopa County in Arizona, on November 7, 1995, for failure to appear at a sentencing hearing on two felony convictions in Arizona. 

Letters in October 2006 notified the Veteran of the discontinuation of disability compensation and of a resulting overpayment created in the amount of $75,663.99. The record, to include a June 2007 letter from the Office of the Sheriff of Maricopa County, establishes that the November 1995 warrant was active until June 25, 2007. 

In an April 2007 deferred rating decision, the Decision Review Officer (DRO) noted that the Veteran was incarcerated in March 2004, and that the resulting reduction of benefits, of which the Veteran was notified in a September 2004 letter, created an overpayment of $18,000. It was further noted to be assumed that the Veteran was not in fugitive felon status for the period of time during which he was incarcerated, and, "PLEASE REVIEW AND DETERMINE WHETHER WARRANT SHOULD STILL BE CONSIDERED OUTSTANDING AND WHETHER COMP SHOULD STILL BE STOPPED OR WHETHER IT SHOULD BE REINSTATED WHEN HE WAS IMPRISONED (TO BE PAID AT 10% RATE)." 

The April 2007 statement of the case (SOC) does not address the impact of the incarceration in 2004 on the overpayment calculated in the amount of $75,663.99, and although the supplemental SOC (SSOC) notes that the Veteran was "incarcerated on March [redacted], 2004 in [] County Correctional Facility in Arkansas for a separate felony charge," in the absence of more, the reasons and bases for the determination are inadequate. 

Morever, and although email correspondence in December 2010 pertaining to the "Audit Trail," appears to reflect a balance of $75,663.99, corresponding with the amount shown in the September 2012 supplemental statement of the case, the "TOTAL NET" shown on the attachment to the RO's October 2010 letter to the Veteran's representative is $70,340.23. In addition, the monthly BENEFITS DUE side of the ledger reflects the following for the relevant period: 

BENEFITS DUE
(Rates and Dates From Award Actions Located in C File)
DATE DATE MNTHLY 1 TOTAL
FROM TO NET NET
12/27/2001 06/25/2007 $0.00 $0.00

The Board finds that clarification is needed with respect to the calculated amount of the overpayment created, to include a specific determination with respect to whether the Veteran was in fugitive felon status while incarcerated beginning in 2004 and, if not, whether the calculated amount should be different for the incarcerated time period. 

Accordingly, the case is REMANDED for the following actions:

1. Reconcile the calculated amount of the overpayment of $75,663.99 reflected in both the December 2010 email correspondence and the supplemental statement of the case, with the amount of $70,340.23 shown in the October 2010 correspondence to the Veteran's representative. 

2. Finally, readjudicate the appeal, to include a determination as to whether the Veteran was in fugitive felon status while incarcerated in 2004. If the benefits sought remain denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for 

Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).